**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **SHIRLEY JORDAN,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**MICHELLE MARIK and HIRSCHBACH MOTOR LINES, INC.,**<br><br>***Defendants.*** | **CIVIL ACTION NO.**<br>**5:25-cv-00033-TES** |

**ORDER DENYING DEFENDANT HIRSCHBACH MOTOR LINES, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

On May 26, 2026, Defendant Hirschbach Motor Lines, Inc. ("Hirschbach") moved for partial summary judgment pursuant to Fed. R. Civ. P. 56 on four of Plaintiff Shirley Jordan's claims: negligent hiring, training, and supervising of Defendant Michelle Marik and negligent entrustment of the subject vehicle to Defendant Marik. [Doc. 13]; Fed. R. Civ. P. 56(a).[1] Plaintiff responded in opposition to the motion on October 1, 2026, [Doc. 29], and Defendant Hirschbach replied in kind On October 15, 2026. [Doc. 32].

However, partial summary judgment is not appropriate, because genuine disputes remain as to material facts and the movant is not entitled to judgment as a matter of law. Thus, Defendant Hirschbach's motion is **DENIED**.

[1] Although Defendant Hirschbach filed a memorandum in support of its motion alongside the motion itself, it later filed an amended memorandum in support of the motion on June 4, 2026. [Doc. 14].

## BACKGROUND

Plaintiff filed her initial complaint on December 12, 2024, in State Court in Bibb County. [Doc. 1-1]. Defendants removed the case to this Court on January 30, 2025. [Doc. 1]. After discovery ensued, Defendant Hirschbach filed its motion for partial summary judgment on May 26, 2026, [Doc. 13], and its amended memorandum in support and amended statement of undisputed material facts on June 4, 2026. [Doc. 14]; [Doc. 14-2]. Plaintiff filed her response to the motion for partial summary judgment on October 1, 2026. [Doc. 29]. In reply, Defendant Hirschbach filed a second memorandum in support of its motion on October 15, 2026. [Doc. 32].

When considering a motion for summary judgment, the Court cannot make credibility determinations or weigh the evidence. *Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In other words, the Court's first job is to review the evidence provided and determine if there is any genuine issue of material fact. When determining whether a genuine dispute of material fact exists, the Court "must consider all the evidence in the light most favorable to the non-moving party," drawing all justifiable inferences in the nonmoving party's favor. *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990) (quoting *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1528 (11th Cir. 1987)); *Anderson*, 477 U.S. at 255.

Here, many of the basic facts are undisputed. Both Plaintiff and Defendant Hirschbach agree that this personal injury action arises from a February 17, 2023, motor vehicle collision involving vehicles driven by Plaintiff and Defendant Marik at the intersection of the I-75/I-475 South exit ramp and Hartley Bridge Road in Bibb County, Georgia. [Doc. 14-2 at ¶ 1]; [Doc. 29-1 at ¶ 1]. Marik tried to turn right from the I-75 South exit ramp onto Hartley Bridge Road, and her trailer struck the side of Plaintiff's vehicle. [Doc. 14-2 at ¶ 2]; [Doc. 29-1 at ¶ 3]. Both parties also agree that Marik was Defendant Hirschbach's employee and was acting in the course and scope of her employment with Hirschbach at the time of the collision [Doc. 14-2 at ¶ 3]; [Doc. 29-1 at ¶ 3]. Finally, both parties agree that, before hiring Marik, Hirschbach first required Marik to complete a road test. [Doc. 14-2 at ¶ 6]; [Doc. 29-1 at ¶ 6].

However, Plaintiff and Hirschbach dispute other facts, particularly those surrounding Hirschbach's hiring of Marik and its awareness of Marik's driving history. Defendant Hirschbach makes several claims about Marik's hiring sourced from Brian Kohlwes, the company's General Counsel & Chief Risk Officer. [Doc. 14-2 at ¶¶ 5–7]; *see generally* [Doc. 14-1, Kohlwes Decl.]. Citing Kohlwes' declaration, Hirschbach asserts that it required Marik to complete a written application before hiring her. [Doc. 14-2 at ¶ 5]; [Doc. 14-1, Kohlwes Decl., ¶ 5]. In this process, Hirschbach claims to have verified Marik's employment history by sending requests to her previous employers and obtained her driving history through motor vehicle reports. [*Id.*]. Hirschbach claims it

found, first, that Marik had a valid driver's license and, second, that she was involved in a property-damage motor vehicle accident in 2016. [*Id.*]. However, Hirschbach reports that it found "no citations or motor vehicle accidents in the previous three years." [*Id.*]. Hirschbach also claims it required Marik to complete a road test before hiring her. [Doc. 14-2 at ¶ 6]; [Doc. 14-1, Kohlwes Decl., ¶ 5].

Hirschbach claims to have been unaware of any "motor vehicle accidents on a public roadway involving another vehicle," any moving violations, or any occasions when Marik failed to maintain her lane or misjudged her clearance or was cited for failing to maintain her lane before the date of the collision at issue, despite obtaining her driving history. [Doc. 14-2 at ¶ 7]; [Doc. 14-1, Kohlwes Decl., ¶ 6]. Hirschbach casts these facts, alongside the previously stated facts of the collision, as "undisputed material facts as to which there is no genuine issue to be tried." *See generally* [Doc. 14-2].

Plaintiff disputes Hirschbach's characterization of Marik's hiring. The way Plaintiff tells it, Hirschbach did little to thoroughly verify Defendant Michelle Marik's pre-employment driving history, because that driving history included several prior problems. Plaintiff first denies Hirschbach's allegations concerning Marik's written application and its attempts to verify her employment and driving history; Plaintiff claims that Hirschbach "did not verify pertinent parts of Defendant Michelle Marik's employment history." [Doc. 29-1 at ¶ 5]. Specifically, Plaintiff points to documents obtained in discovery to demonstrate that although "Marik reported that she was self-

employed as a commercial driver from May 2018 to September 2020," "Hirschbach only verified employment from May 2018 through December 2018." [*Id.*].

In fact, in her own statement of material facts as to which genuine issues exist, Plaintiff cites to documents obtained in discovery to allege several prior incidents and accidents in Marik's history. *See generally* [Doc. 29-2]. Plaintiff alleges that Marik was involved in a 2011 accident while employed by Golden Pump. [*Id.* at ¶ 2], that she was involved in four preventable incidents while on the job in 2014 (a preventable load shift incident, preventable dropped trailer incident, preventable sideswipe opposing incident, and preventable  mechanical failure incident), [*Id.* at ¶¶ 3–6], that she was involved in an accident involving equipment loss and failure to report while employed by Kuehl Trucking LLC from August of 2014 to January of 2015, [*Id.* at ¶ 7], that she was involved in a property damage incident in 2016, [*Id.* at ¶ 8], and that she was involved in a company policy violation while employed by K & B Transport in 2018. [*Id.* at ¶ 9]. Further, Plaintiff alleges that Marik's surrendered her driver's license in both 2017 and 2018. [*Id.* at ¶¶ 10-11].

Plaintiff also flatly denies that Hirschbach was unaware of at least some of these prior incidents. [Doc. 29-1 at ¶ 7]. Plaintiff claims that Hirschbach was aware of the 2011 accident and the October 7, 2014, sideswipe incident. [*Id.*]. Further, Plaintiff claims that Hirschbach "failed to adequately explore the circumstances of Marik's prior violations and collisions." [*Id.*].

She rounds out her statement of material facts as to which genuine issues of fact exist with a description of the collision-at-issue's aftermath. [Doc. 29-2 at ¶¶ 13–17]. In this description, she alleges that "[s]hortly after the collision, Marik told Plaintiff that she had difficulty making the type of turn maneuver that resulted in the collision," citing to her own deposition. [*Id.* at ¶ 15]; [Doc. 22, Jordan Depo., p. 53:15–17] ("I have problems making those kind of turns. I still have to work on those turns and get them right."). Plaintiff concludes her statement by alleging that Marik received a written warning for "violation of speeding, distracted driving, and accidents on November 9, 2023," after the collision at issue, and that Hirschbach terminated Marik in 2024 "for safety reasons." [Doc. 29-2 at ¶¶ 16–17]; [Doc. 28, Kohlwes Depo., pp. 36:23—37:2].

## LEGAL STANDARD

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is not genuine dispute unless, based on the evidence presented, "'a reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)); *see also Anderson*, 477 U.S. at 248. "The moving party bears the initial responsibility of informing the court of the basis for its motion." *Four Parcels*, 941 F.2d at 1437. The movant may cite to particular parts of materials in the record, including, "'the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); Fed. R. Civ. P. 56(c)(1)(A).[2] "When the *nonmoving* party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material *negating* the opponent's claim[]' in order to discharge this 'initial responsibility.'" *Four Parcels*, 941 F.2d at 1437–38 (quoting *Celotex*, 477 U.S. at 323). Rather, "the moving party simply may show—that is, point out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* (quoting *Celotex*, 477 U.S. at 324) (cleaned up). Alternatively, the movant may provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Id.*

If this initial burden is satisfied, the burden then shifts to the nonmoving party, who must rebut the movant's showing "by producing . . . relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex*, 477 U.S. at 324). The nonmoving party does not satisfy its burden "if the rebuttal evidence 'is merely colorable or[] is not significantly probative' of a disputed fact." *Id.* (quoting *Anderson*, 477 U.S. at 249–50). "A mere scintilla of evidence supporting the [nonmoving] party's position will not suffice."

[2] Courts may consider all materials in the record, not just those cited by the parties. Fed. R. Civ. P. 56(c)(3).

*Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

Further, where a party fails to address another party's assertion of fact as required by Federal Rule of Civil Procedure 56(c), the Court may consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2). However, "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255. Succinctly put,

> [s]ummary judgment is not a time for fact-finding; that task is reserved for trial. Rather, on summary judgment, the district court must accept as fact all allegations the [nonmoving] party makes, provided they are sufficiently supported by evidence of record. So[,] when competing narratives emerge on key events, courts are not at liberty to pick which side they think is more credible. Indeed, if "the only issue is one of credibility," the issue is factual, and a court cannot grant summary judgment.

*Sconiers v. Lockhart*, 946 F.3d 1256, 1263 (11th Cir. 2020) (internal citations omitted).

"[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. The nonmovant's evidence is to be believed, and "all justifiable inferences are to be drawn in his favor." *Id.* at 255. "[I]f a reasonable jury could make more than one inference from the facts, and one of those permissible inferences creates a genuine issue of material fact, a court cannot grant summary judgment." *Sconiers*, 946 F.3d at 1263.

## DISCUSSION

The basic facts about the collision itself are not in dispute. While working for Hirschbach, Marik took a right turn and hit Plaintiff's car. But some facts are still in dispute. The parties disagree on other facts: both the comprehensiveness of the review Hirschbach performed before hiring Marik and Hirschbach's knowledge of her prior violations. The parties also appear to disagree as to certain details from the scene of the collision itself, including a supposed confession from Marik that she had difficulty making the sort of turn maneuver that resulted in the collision at issue.

For all of Plaintiff's claims at issue in this motion for partial summary judgment, material facts remain as to which genuine issues exist. Therefore, Defendant Hirschbach is not entitled to summary judgment as a matter of law on any of Plaintiff's claims.

The claims at issue here are all found in Count III of Plaintiff's complaint: negligent hiring, training, supervision, and entrustment. [Doc. 1-1 at ¶¶ 54–58].[3] There, Plaintiff claims that Defendant Hirschbach was "negligent in hiring Defendant Marik," negligent in "entrusting her to drive the tractor-trailer for the benefit of Defendant Hirschbach," "negligent in failing to properly train Defendant Marik in the safe

[3] Count III is labelled "NEGLIGENT HIRING, TRAINING, AND SUPERVISION." [Doc. 1-1 at ¶¶ 54–58]. However, Plaintiff's negligent entrustment claim is found here, too. The full extent of any negligent entrustment claim brought by Plaintiff in her complaint is found in paragraphs 55 and 58: "Defendant Hirschbach was negligent in . . . entrusting [Defendant Marik] to drive the tractor-trailer for the benefit of Defendant Hirschbach," and "Defendant Hirschbach's negligence in . . . entrusting her with driving a commercial vehicle[] . . . was a direct and proximate cause of the collisions and the injuries to Plaintiff." [*Id.* at ¶¶ 55, 58].

operation of a tractor-trailer," and "negligent in failing to properly supervise Defendant Marik." [*Id.* at ¶¶ 55–57].

Hirschbach argues that "Plaintiff has not, and cannot, come forward with evidence" showing it acted negligently in any of the four manners, entitling it to summary judgment as a matter of law. [Doc. 14, pp. 6–9]. This Court considers each claim in turn.

**A. Negligent Hiring**

First, Hirschbach argues that Plaintiff has not shown and cannot show that Hirschbach acted negligently in hiring Marik. [Doc. 14, pp. 5–7]. To establish a claim for negligent hiring under Georgia law, a plaintiff must show that the defendant—an employer—"knew or should have known the employee was not suited for the particular employment." *Kemp v. Rouse-Atlanta*, 429 S.E.2d 264, 267 (Ga. Ct. App. 1993) (quoting *Harvey Freeman & Sons, Inc. v. Stanley*, 375 S.E.2d 261, 264 (1988) (*rev'd on other grounds* 378 S.E.2d 857 (1989))); *see also Patterson v. Se. Newspapers, Inc.*, 533 S.E.2d 119, 123 (Ga. Ct. App. 2000) (quoting *Kemp*, 429 S.E.2d at 267) (applying this standard in the summary judgment context). In other words, it must be "reasonably foreseeable from the employee's tendencies or propensities that the employee could cause the type of harm sustained by the plaintiff," so that "the employer is subject to liability only for such harm as is within the risk." *Hobbs ex. rel. Eagle v. Integrated Fire Prot., Inc.*, 850 S.E.2d 256, 265 (Ga. Ct. App. 2020) (quoting *Lucas v. Beckman Coulter, Inc.*, 823 S.E.2d

826, 831 (2019)); *see also Crumbley v. King*, No. 1:19-CV-1666-MLB, 2022 WL 1623804, at *10 (N.D. Ga. May 23, 2022) ("[T]here must be a causal connection between the employee's particular incompetency for the job and the injury sustained by the plaintiff.").

Hirschbach cites to the Federal Motor Carrier Safety Regulations ("FMCSRs") to establish its purported duties to investigate (or lack thereof) before hiring a driver. 49 C.F.R. §§ 391.11, 391.21, 391.23, 391.31. It argues that Plaintiff has not and cannot specifically come forward with evidence showing that Hirschbach breached a duty under the FMCSRs or knew or should have known of "any propensities making Ms. Marik unsuited for her position, let alone any propensities making it reasonably foreseeable she might cause the type of accident that occurred here." [Doc. 14, p. 6]. It argues that "the undisputed evidence shows Hirschbach satisfied its duties under the FMCSRs and under state law by

> having Ms. Marik complete a written application, by contacting her previous employers to verify her employment history, [and] by obtaining her driving history through a motor vehicle report that showed she had a valid driver's license and no citations or motor vehicle accidents in the preceding three years.

[Doc. 14, p. 6].

But Hirschbach is wrong. First, satisfying the minimum regulatory duties under the FMCSRs is not a complete shield against a negligent hiring claim under Georgia law. The standard under Georgia law is whether the employer knew or *should* have

known that the employee was not suited for the job, an analysis that probes much farther than minimum compliance with federal regulations. *Kemp*, S.E.2d at 267. So, if Plaintiff shows evidence from which a reasonable jury could infer that Hirschbach knew or *should* have known that Marik was unsuitable as a driver, then summary judgment would be inappropriate. Here, Plaintiff has shown that Marik had a long history of driving problems, many of which were outside the scope of Hirschbach's investigation. [Doc. 29-2 at ¶¶ 2–12]. Beyond even that, Plaintiff has provided evidence that a reasonable jury could interpret as Marik flatly admitting that she had previously had trouble performing the turning maneuver that led to the collision at issue. [Doc. 22, Jordan Depo., p. 53:15–17] ("I have problems making those kinds of turns. I still have to work on those turns and get them right.").[4] Finally, Plaintiff alleges, citing to documents obtained in discovery, that Hirschbach knew of a 2011 accident and 2014 incident involving Marik. [Doc. 29-1 at ¶ 7].

So, there remains a genuine dispute of material fact concerning the negligent hiring claim. Again, the Court's job on summary judgment isn't to weigh arguable evidence; it's to determine if there is a genuine issue for trial. And, here, genuine issues for trial remain.

[4] Whether she told her employer about her turning issues or whether her employer asked any related questions are prime areas for jury determination.

**B. Negligent Supervision**

Second, Hirschbach argues that Plaintiff has not shown and cannot show that Hirschbach acted negligently in supervising Marik. [Doc. 14, pp. 7–8]. "An employer may be held liable for negligent supervision [under Georgia law] only where there is sufficient evidence to establish that the employer reasonably knew or should have known of an employee's tendencies to engage in certain behavior relevant to the injuries allegedly incurred by the plaintiff." *Leo v. Waffle House, Inc.*, 681 S.E.2d 258, 262 (Ga. Ct. App. 2009) (internal punctuation omitted) (quoting *Alexander v. A. Atlanta Autosave*, 611 S.E.2d 754, 758–59 (Ga. Ct. App. 2005)).

Here, the same evidence that creates a question of fact of the jury in the negligent hiring claim also creates one here. Plaintiff presents evidence that raises two possibilities: first that Marik had a problem with making the sorts of turns that caused the collision at issue here (or otherwise a tendency to engage in certain risky driving behavior) and second that her driving history—if known by Hirschbach—could have revealed this alleged tendency to turn poorly. Indeed, Plaintiff alleges that Hirschbach knew of several prior incidents that may have involved risky driving behavior.

Because a reasonable jury could feasibly find that Hirschbach knew or should have known of Marik's alleged tendency to engage in certain risky driving behavior relevant to Plaintiff's injury, genuine issues for trial remain and summary judgment is not appropriate.

**C. Negligent Training**

Third, Hirschbach argues that Plaintiff has not shown and cannot show that Hirschbach acted negligently in training Marik. "To establish a negligent training claim [under Georgia law], a plaintiff must demonstrate that inadequate training caused a reasonably foreseeable injury," *Advanced Disposal Servs. Atlanta, LLC v. Marczak*, 857 S.E.2d 494, 497 (Ga. Ct. App. 2021), under the same standard as an ordinary negligence claim, meaning a plaintiff must show "the existence of a legal duty; breach of that duty; a causal connection between the defendant's conduct and the plaintiff's injury; and damages." *National Em. Med. Servs., Inc. v. Smith*, 889 S.E.2d 162, 172 (Ga. Ct. App. 2023) (quoting *Boller v. Robert W. Woodruff Arts Ctr., Inc.*, 716 S.E.2d 713, 716 (Ga. Ct. App. 2011)).

Here, Plaintiff has presented some evidence suggesting the possibility of training deficiencies. Although the record shows documentation of Marik receiving some training, including a road test, the mere fact that Marik received training does not mean Hirschbach was not negligent. To the contrary, the record includes an apparent statement from Marik herself claiming to still need "work" on the turning maneuver that allegedly caused the collision in this case: "[Marik] said, I have problems making those kinds of turns. I still have to work on those turns and get them right." [Doc. 22, Jordan Depo., p. 53:15–17].

So, viewing the facts in the light most favorable to Plaintiff, there remains a question of material fact as to whether Marik received adequate training, and whether inadequate training caused the collision in whole or in part. Thus, genuine issues for trial remain and summary judgment is not appropriate.

### D. Negligent Entrustment

Fourth and finally, Hirschbach argues that Plaintiff has not shown and cannot show that Hirschbach acted negligently in entrusting Marik with the subject vehicle. [Doc. 14, p. 9]. To establish a claim for negligent entrustment, a plaintiff must show that the defendant—an employer—allowed someone to drive its vehicle "with actual knowledge that the driver is incompetent or habitually reckless." *Bashlor v. Walker*, 693 S.E.2d 858, 861 (Ga. Ct. App. 2010); *see also Gunn v. Booker*, 381 S.E.2d 286,  (Ga. 1989).

Whether or not Hirschbach had actual knowledge that Marik was incompetent or habitually reckless is disputed. Plaintiff, citing materials on the record, claims that Hirschbach at least knew of the 2011 accident involving Marik and a 2014 sideswipe incident. Thus, because Hirschbach's actual knowledge of Marik's potential habitual recklessness fact is still in dispute, genuine issues for trial remain concerning material facts and summary judgment is not appropriate.

## CONCLUSION

Accordingly, partial summary judgment in favor of Defendant Hirschbach is not appropriate. The Court **DENIES** its motion for partial summary judgment. [Doc. 13].

**SO ORDERED**, this 5th day of November, 2026.

*S/ Tilman E. Self, III*

**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**.